UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| AARON S., <br><br> Plaintiff, <br><br> v. <br><br> COMMISSIONER OF SOCIAL SECURITY, <br><br> Defendant. | CASE NO. C18-5984-BAT <br><br> **ORDER REVERSING AND REMANDING FOR FURTHER ADMINISTRATIVE PROCEEDINGS** |

Plaintiff Aaron S. seeks review of the denial of his applications for Supplemental Security Income and Disability Insurance Benefits. He contends that the ALJ erroneously evaluated the medical evidence, the lay witness evidence, and his own testimony. Dkt.11. The Court **REVERSES** the Commissioner's final decision and **REMANDS** the matter for further administrative proceedings under sentence four of 42 U.S.C. § 405(g).

**BACKGROUND**

Plaintiff is currently 46 years old, has an 11th grade education, and has worked as a maintenance mechanic, industrial truck operator, and yard worker. Tr. 44, 61, 200. He applied for benefits in September 2011, alleging disability as of August 2015. Tr. 200, 207. He later amended his application to a closed period ending in July 2017, when he returned to work. Tr. 40. After his applications were denied initially and on reconsideration, the ALJ

conducted a hearing and, on January 5, 2018, issued a decision finding plaintiff not disabled. Tr. 15-29. The Appeals Council denied plaintiff's request for review, making the ALJ's decision is the Commissioner's final decision. Tr. 1.

## THE ALJ'S DECISION

Utilizing the five-step disability evaluation process,[1] the ALJ found that plaintiff had not engaged in substantial gainful activity during the relevant period; he had the following severe impairments: headaches, left shoulder disorder, spine disorder, seizure disorder, duodenal ulcer, and neurocognitive disorder; and these impairments did not meet or equal the requirements of a listed impairment.[2] Tr. 17-18. The ALJ found that plaintiff had the residual functional capacity to perform light work, with additional postural, reaching, and environmental limitations, and he was limited to jobs with a reasoning level of 2 or less, performing simple, routine, and repetitive tasks, but not at a production rate pace, and tolerating only occasional changes in a routine work setting. Tr. 20-21. The ALJ found that plaintiff could not perform his past relevant work, but there were jobs that exist in significant numbers in the national economy that plaintiff could have performed, he was not disabled during the relevant period. Tr. 28-29.

## DISCUSSION

**A.     Dr. Meharg**

Plaintiff argues that the ALJ erred in evaluating the opinion of Stephen Meharg, Ph.D. Dkt. 11 at 3. The ALJ must give specific and legitimate reasons for rejecting a treating or examining doctor's opinion that is contradicted by another doctor, and clear and convincing

---

[1] 20 C.F.R. §§ 404.1520, 416.920.

[2] 20 C.F.R. Part 404, Subpart P. Appendix 1.

reasons for rejecting a treating or examining doctor's uncontradicted opinion. *Lester v. Chater*, 81 F.3d 821, 830-31 (9th Cir. 1996).

Dr. Meharg conducted a neuropsychological examination in January 2016. Tr. 541-49. Dr. Meharg expressed some concerns about plaintiff's effort and motivation, noting that plaintiff seemed to make a variety of unusual errors and show rather significant difficulties on otherwise simple tasks. Tr. 545. He also noted that plaintiff was very slow in his responses and took considerable time to deliberate, which Dr. Meharg found to be generally consistent with some of plaintiff's vague and unexpected difficulties on reasoning tasks during the mental status examination. *Id.* Dr. Meharg noted that the cognitive study reflected mixed findings with better performance in complex mental tracking and visual capacity memory but weak skills in verbal learning and memory. Tr. 548. He diagnosed mild neurocognitive disorder due to another medical condition, status post resection of cava septum pellucidum 1.8 cm cyst. Tr. 549. He opined that plaintiff would have moderate difficulties in learning and retention of new procedures, including assigned tasks and work processes; he was likely to show rapid forgetting of verbal instructions, although he seemed capable of memorizing visual materials in adequate fashion; and he retained some cognitive resources in the midst of more selective deficits of verbal memory. *Id.* He opined that plaintiff was capable of managing his own funds. *Id.*

Dr. Meharg completed a medical source assessment in August 2016. Tr. 611-12. He opined that plaintiff would have noticeable difficulty from 11 to 20% of the workday or workweek in the following areas: understand, remember, and carry out detailed instructions, maintain attention and concentration for extended periods of time, maintain regular attendance, complete a normal workday or workweek without interruption from psychological symptoms, perform at a consistent pace without an unreasonable number and length of rest periods, and

travel in unfamiliar places or use public transportation. Tr. 611-12. He opined plaintiff would have noticeable difficulty up to 10% of the time in numerous other functional areas. *Id.* He opined that plaintiff showed mild memory impairment along with several areas of intact functioning. *Id.*

The ALJ gave great weight to Dr. Meharg's January 2016 opinion that plaintiff could manage his own funds, finding it consistent with the unremarkable mental status examinations in the file and with Dr. Meharg's own examination findings. Tr. 26. But the ALJ gave Dr. Meharg's August 2016 opinion little weight because Dr. Meharg wrote it seven months after his examination and it was unclear what evidence Dr. Meharg used to support his findings. Tr. 27. The ALJ also found that the opinion was internally inconsistent, finding that the limitations Dr. Meharg opined were inconsistent with his statement that plaintiff showed only mild memory loss and had several areas of intact functioning, and that the opinion was excessive in comparison to the findings from Dr. Meharg's earlier examination. *Id.*

Plaintiff argues that the ALJ erred by failing to address Dr. Meharg's opinion from January 2016 that plaintiff was likely to show rapid forgetting of verbal instructions, as the ALJ did not indicate the weight the placed upon this opinion or include it in the RFC finding or the hypothetical to the vocational expert. Dkt. 11 at 4. The court agrees. The ALJ must provide valid reasons to reject a medical opinion. *See Lester*, 81 F.3d at 830-31. But here, although the ALJ included a limitation to jobs with a reasoning level of 2 or less and to performing simple, routine, and repetitive tasks, the ALJ failed to include a limitation on the ability to remember verbal instructions and did not give a reason for rejecting this limitation. This omission renders the RFC finding, and the vocational expert's testimony based on it, invalid.

ORDER REVERSING AND REMANDING FOR FURTHER
ADMINISTRATIVE PROCEEDINGS - 4

Plaintiff also argues that the ALJ erred by giving little weight to Dr. Meharg's August 2016 assessment, arguing that the ALJ failed to explain the significance of the fact that Dr. Meharg wrote the opinion seven months after his examination and that it is clear that Dr. Meharg based his opinion on the examination he conducted. Dkt. 11 at 5. Plaintiff also argues that the ALJ's finding of inconsistencies is conclusory and without explanation. Dkt. 11 at 5.

The court agrees that the mere fact that Dr. Meharg gave an opinion seven months after his examination is not in and of itself a basis to reject the opinion, and that the only rational inference for the basis of his opinion was the examination he conducted. However, the ALJ specifically found that the Dr. Meharg's opinions of impairment in maintaining attention and concentration, regular attendance, completing a normal workday and workweek without interruptions from symptoms, traveling, and using public transportation were inconsistent with his opinion that plaintiff had only mild memory impairment and several areas of intact functioning. Tr. 27. The ALJ adequately explained this finding and could rationally conclude that the wide ranging and significant impairments Dr. Meharg opined in the check-box portion of the opinion are inconsistent with the mild memory impairment he described in the narrative section. Accordingly, the court may not disturb it. Because the ALJ gave a specific and legitimate reason, supported by substantial evidence, for giving the August 2016 opinion little weight, the ALJ's error in considering the timing and questioning of the basis for the opinion is harmless. *See Molina v. Astrue*, 674 F.3d 1104, 1122 (9th Cir. 2012).

**B.      Dr. LaVallie and Dr. Hale**

Plaintiff argues that the ALJ erred in assessing the opinions of state agency medical consultants Donna LaVallie, D.O., and Gordon Hale, M.D. Dkt. 11 at 6-7. In the relevant portions of their physical RFC assessments, they opined that plaintiff should avoid even

moderate exposure to noise due to the need for seizure precautions. Tr. 77, 108. The ALJ gave their opinions partial weight, finding that most of the limitations they opined were consistent with the record, but gave less weight to the noise limitation they opined, finding that it was excessive and not supported by the evidence, noting that plaintiff's seizures were controlled on antiepileptic medication. Tr. 26. The ALJ limited plaintiff to no more than moderate exposure to noise. Tr. 20.

Plaintiff argues that the ALJ's finding is incorrect, as at the time the consultants gave their opinions—Dr. LaVallie in February 2016 and Dr. Hale in May 2016—plaintiff's seizures were not under control. Dkt. 11 at 7. Plaintiff points to emergency room visits where he reported seizures in January and April 2016. Tr. 530, 562, 579.

The evidence shows that at the time the consultants reviewed the record and gave their opinions, plaintiff continued to experience seizures and was still working with his doctors to adjust his medication in an effort to bring his seizures under control. For example, in April 2016, Dr. Meharg increased his dosage of lamictal and stated that the next step was to consider adding another seizure medication. Tr. 628, 633. Eventually, he was able to control his seizures with medication, and even return to work. But the medical evidence in the record at the time the consultants gave their opinions was consistent with the need for seizure precautions. The ALJ's finding to the contrary is thus unsupported by substantial evidence. The ALJ erred in rejecting this portion of the consultants' opinions.

**C.      Dr. Leinenbach**

Plaintiff argues that the ALJ erred in evaluating the opinion of examining doctor Derek Leinenbach, M.D. Dkt. 11 at 8. Dr. Leinenbach examined plaintiff in January 2016 and opined that plaintiff could stand/walk for 4 hours in an 8-hour workday, could sit for 1 hour at a time

and up to 6 hours total in an 8-hour workday, could lift/carry 20 pounds occasionally and 10 pounds frequently, could occasionally climb and stoop, could reach, handle, finger, and feel without limitation, and should not work at unprotected heights or operate heavy machinery. Tr. 539.

The ALJ gave partial weight to the opinion, finding that the standing and walking restrictions were excessive in light of the overall record showing mild imaging and exam findings for plaintiff's spine disorder. Tr. 26. The ALJ gave great weight to the lifting, carrying, stooping, and balancing limitations, but found that further postural, manipulative, and environmental limitations were appropriate. *Id.*

Plaintiff argues that the ALJ erred by failing to either give a reason for rejecting the sitting limitations Dr. Leinenbach opined or include them in the RFC finding. Dkt. 11 at 8. The court agrees. The ALJ did not address Dr. Leinenbach's opinion that plaintiff could sit without interruption for only one hour at a time. Again, the ALJ must provide valid reasons to reject a medical opinion. *See Lester*, 81 F.3d at 830-31. The ALJ's failure to do so was error.

Plaintiff also argues that the ALJ erred in rejecting the standing and walking limitations Dr. Leinenbach opined. Dkt. 11 at 8. The ALJ found that these limitations were excessive in light of the overall record that showed mild imaging and exam findings for plaintiff's spine disorder. Tr. 26. In rejecting a medical opinion, the ALJ must do more than offer her conclusions; she must also explain why her interpretation, rather than the treating doctor's interpretation, is correct. *Orn v. Astrue*, 495 F.3d 625, 632 (9th Cir. 2007) (citing *Embrey v. Bowen*, 849 F.2d 418, 421-22 (9th Cir. 1988)). Here, the ALJ's conclusory statement failed to meet this standard. Accordingly, the ALJ erred in rejecting Dr. Leinenbach's standing and walking limitations.

### D. Lay witness evidence

Plaintiff argues that the ALJ erred in rejecting lay witness statements from plaintiff's partner, Rachel Hunt. Dkt. 11 at 9. Lay testimony as to a claimant's symptoms is competent evidence that the ALJ must take into account, unless the ALJ expressly determines to disregard such testimony and gives specific reasons germane to the witness for doing so. *See Stout v. Comm'r*, 454 F.3d 1050, 1053 (9th Cir. 2006).

Ms. Hunt completed a seizure questionnaire in February 2016 and a function report in March 2016. Tr. 263-64, 293-300. She described seizures, memory loss, and headaches, as well as difficulties with walking, kneeling, stair climbing, and other postural activities. *Id.* The ALJ gave these statements little weight, finding that Ms. Hunt's descriptions of plaintiff's symptoms and limitations were inconsistent with the objective evidence, treatment history, and demonstrated level of functioning, as discussed throughout the decision. Tr. 27. The ALJ gave as an example the fact that plaintiff's antiepileptic medication controlled his seizure disorder. *Id.*

As with the consulting doctors, at the time Ms. Hunt gave her statements, plaintiff was reporting ongoing seizures and had not yet brought them under control with medication. This reason for rejecting these statements is therefore unsupported by the evidence and not a valid reason to reject them. Other than this specific example, the ALJ's reason for rejecting Ms. Hunt's statement was merely a general statement, lacking specificity or any connection to the evidence. This was therefore not a specific, germane reason for rejecting the evidence. The ALJ erred in rejecting Ms. Hunt's statements.

### E. Plaintiff's testimony

Plaintiff argues that the ALJ erred in rejecting his subjective statements. Dkt. 11 at 11. Where there is no evidence of malingering, the ALJ must provide clear and convincing reasons

to reject a claimant's subjective testimony. *See Vertigan v. Halter*, 260 F.3d 1044, 1049 (9th Cir. 2001). An ALJ does this by making specific findings supported by substantial evidence. "General findings are insufficient; rather, the ALJ must identify what testimony is not credible and what evidence undermines the claimant's complaints." *Lester*, 81 F.3d at 834.

The ALJ found that plaintiff's daily activities were inconsistent with his allegations of total disability. Tr. 22. Daily activities that are transferrable to a work setting may be grounds for an adverse credibility finding. *Fair v. Bowen*, 885 F.2d 597, 603 (9th Cir. 1989). But daily activities that do not contradict a claimant's other testimony or meet the threshold for transferrable work skills cannot form the basis of an adverse credibility determination. *Orn*, 495 F.3d at 639. The ALJ may not penalize a claimant for attempting to live a normal life in the face of his limitations. *See Cooper v. Bowen*, 815 F.2d 557, 561 (9th Cir. 1987).

The ALJ pointed to plaintiff's reports that he cared for his one-year-old daughter, performed household chores, returned to work fulltime, attended church regularly, and was learning to play the guitar, which the ALJ found to show that plaintiff could do work-related activities consistent with the RFC finding. Tr. 22. But the ALJ did not explain how the home-based activities contradicted plaintiff's testimony or were transferrable to a work setting. As the ALJ acknowledged, these activities represented "efforts to accomplish meaningful tasks for his family." Tr. 22. The ALJ improperly penalized plaintiff for these efforts.

Even more problematic is the ALJ's focus on plaintiff's return to work, which the ALJ mentioned twice in making this finding. Tr. 22. Plaintiff does not allege that he was disabled when he was working—he amended his application to a closed period ending with his return to work. Plaintiff's work activity occurred outside the relevant period; his return to work at the end of a closed period is not inconsistent with a claim of disability during the closed period. The

ALJ's finding that this activity was inconsistent with his allegations was not a valid reason to reject his testimony. The ALJ erred by relying on plaintiff's activities to reject his testimony.

The only other reason the ALJ gave for rejecting plaintiff's testimony was that the record did not contain objective findings that support the degree of limitations plaintiff alleged. Tr. 22-25. While the ALJ may consider a lack of supporting objective medical evidence in evaluating a claimant's testimony, it cannot be the sole reason the ALJ discounts subjective complaints. *Burch v. Barnhart*, 400 F.3d 676, 681 (9th Cir. 2005). On its own, this reason cannot support the ALJ's evaluation of plaintiff's testimony.

In addition, although the ALJ described the treatment plaintiff received for seizures and headaches, musculoskeletal impairments, and shoulder impairment, as well as the results of examinations and imaging studies related to each of these impairments, the ALJ did not connect this evidence to plaintiff's subjective statements. Because the ALJ failed to identify what testimony she found not credible and what evidence undermined that testimony, this was not a clear and convincing reason to discount plaintiff's testimony. *Lester*, 81 F.3d 834.

The ALJ erred in discounting plaintiff's subjective symptom testimony.

**F.    Remand for further administrative proceedings**

Plaintiff asks the court to remand this case for an award of benefits. Dkt. 11 at 1. The Court may remand for an award of benefits where (1) the record has been fully developed and further administrative proceedings would serve no useful purpose, (2) the ALJ has failed to provide legally sufficient reasons for rejecting evidence, whether claimant testimony or medical opinion, and (3) if the improperly discredited evidence were credited as true, the ALJ would be required to find the claimant disabled on remand. *Garrison v. Colvin*, 759 F.3d 995, 1020 (9th Cir. 2014). Courts have flexibility in applying this rule, and may instead remand for further

proceedings where the record as a whole "creates serious doubt that a claimant is, in fact, disabled." *Id.* at 1021.

The court finds that not all the conditions for an award of benefits are met. Although the record has been fully developed and the ALJ failed to provide legally sufficient reasons to reject evidence, it is not clear that even if the improperly rejected evidence were credited as true, the ALJ would be required to find plaintiff disabled. Rather, the court finds that further administrative proceedings would be useful in order to allow the ALJ to reevaluate the improperly rejected evidence along with the rest of the evidence. Accordingly, the court finds that remand for further administrative proceedings is the proper remedy.

## CONCLUSION

For the foregoing reasons, the Commissioner's decision is **REVERSED** and this case is **REMANDED** for further administrative proceedings under sentence four of 42 U.S.C. § 405(g). on remand, the ALJ shall reevaluate the January 2016 opinion of Dr. Meharg, the opinions of the medical consultants Dr. LaVallie and Dr. Hale, the opinion of Dr. Leinenbach, the lay witness evidence from Ms. Hunt, and plaintiff's subjective symptom testimony. The ALJ shall further develop the administrative record, reevaluate plaintiff's residual functional capacity, and redo the five-step disability evaluation process as the ALJ deems necessary and appropriate to make a new decision in this case.

DATED this 23rd day of May, 2019.

BRIAN A. TSUCHIDA
Chief United States Magistrate Judge